UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLADYS CARTER and CHARLES ALLEN, SR. | * * * * | CASE NO. |
| VS. | * * * | SECTION " " |
| LAKELAND PLANTING COMPANY, DAVID BRAY, and CASTANNA WASHINGTON individually and as ADMINISTRATRIX OF THE SUCCESSIONS OF DAISEY FOSTER ALLEN & THOMAS ALLEN, SR. | * * * * * * | MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Gladys Carter ("Ms. Carter"), a resident of the state of Georgia, and Charles Allen ("Mr. Allen"), a resident of the state of Texas, who respectfully submit:

JURISDICTION AND VENUE

I.

This action is brought to redress a fraudulent sale of immovable property and to remedy a violation of the United States Constitution Fourteenth Amendment Due Process Clause. The immovable property that is the subject of this action is valued at more than $75,000.00.

II.

This Court has jurisdiction of this action under 28 U.S.C. §§1331, 1332 and 1367.

III.

As the violations complained of herein occurred within the Western District of the State of Louisiana, and as the property that is the subject of this action is situated in the Western District of the State of Louisiana, venue is proper in this district pursuant to 28 U.S.C. §1391.

PARTIES

IV.

Made defendant herein is David Bray ("Mr. Bray"), upon information and belief, a resident of the state of Mississippi.

V.

Also made defendant herein is Lakeland Planting Company ("Lakeland"), upon information and belief a partnership whose principal business establishment is in the state of Louisiana.

VI.

Also made defendant herein is Castanna Washington ("Ms. Washington" or "Administratrix"), individually and in her capacity as Administratrix of the Successions of Daisey Foster Allen and Thomas Allen, Sr. Upon information and belief, Ms. Washington is a resident of the state of Louisiana.

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

VII.

Daisey Foster Allen ("Mrs. Allen) and Thomas Allen, Sr. ("Mr. Allen"), were husband

Page 2 of 10

and wife whose joint successions owned certain immovable property located in Concordia Parish, state of Louisiana (hereinafter referred to as "Lot 11.")

VIII.

Mr. and Mrs. Allen died intestate. The joint successions of Mr. and Mrs. Allen were opened in Concordia Parish, Louisiana.

IX.

Ms. Washington, Ms. Carter and Mr. Allen are siblings and children of Mr. and Mrs. Allen.

X.

Ms. Washington was appointed Administratrix of the joint successions of Mr. and Mrs. Allen.

XI.

During the administration of the joint successions, Administratrix sold Lot 11 to Lakeland. Lakeland then sold that property to Mr. Bray. Before the sale, Administratrix placed a notice of the proposed sale in a Concordia Parish newspaper.

XII.

At all times pertinent hereto, Adminstratrix knew the addresses and or phone numbers of Ms. Carter, Mr. Allen and certain of their other siblings. At all times pertinent hereto, neither Ms.Carter nor Mr. Allen resided in Concordia Parish.

XIII.

At all times pertinent hereto Lakeland and Bray had been in contact with Ms. Carter and certain of her other siblings in attempts to purchase Lot 11. Neither Bray nor Lakeland informed

Ms. Carter and Mr. Allen that Administratrix was selling Lot 11 to Lakeland and/or Bray.

XIV.

At all times pertinent hereto, Administratrix went to church with certain of her other siblings.

XV.

At all times pertinent hereto, Administratrix, Bray and Lakeland knew Ms. Carter, Mr. Allen and certain of their other siblings did not want to sell Lot 11.

XVI.

Despite knowing the contact information for Ms. Carter, Mr. Allen and certain of their other siblings, and despite knowing Ms. Carter, Mr. Allen and certain of their other siblings did not want to sell Lot 11, Administratrix sold Lot 11 at a private sale to Lakeland without first obtaining an appraisal and without giving Ms. Carter, Mr. Allen and certain of their other siblings notice reasonably calculated to inform them of the pendency of the sale and afford them the opportunity to present their objections.

XVII.

Because Ms. Carter and Mr. Allen were not residents of Concordia Parish, they did not see the notice of the sale placed by Administratrix in a Concordia Parish newspaper.

XVIII.

After they became aware of the sale of Lot 11, Jimmy Allen, Jr., Charles Allen, Sr., Gladys Carter and Nancy Howard, filed in the record of the succession a document titled "Complaint." The Complaint sought money damages from Castanna Washington, Bray, and Lakeland; requested the court to order an accounting by the Administratrix; requested the

quashing of the sale of Lot 11 to Lakeland and the nullification of the sale of property to Bray; requested the removal of clouds from the title of Lot 11 resulting from sales to Lakeland and Bray, and; a declaration of ownership and possession of Lot 11 to decedents' heirs.

XIX.

Bray and Lakeland filed Answers and several exceptions. The exceptions filed by Bray and Lakeland were almost identical in form and substance. Those exceptions were: Exception of No Right of Action relating to duties to perform an accounting; Exception of No Right of Action relating to any fiduciary duty; Exception of No Right of Action relating to Nullification or Quashing of Sale to Bray or Lakeland or Quieting of Title; Improper Cumulation of Actions, and Exception of Nonconformity of Pleadings.

XX.

By Judgment dated April 5, 2018, all the exceptions filed by Bray were sustained. By Judgment dated June 1, 2021, all the exceptions filed by Lakeland were sustained.

XXI.

An Answer was filed by Administratrix. The Answer included a prayer for dismissal of any claims brought by Ms. Carter, Jimmy Lee Allen, Charles Allen, Sr. and the estate of Nancy Howard. During a May 20, 2021, hearing, in response to argument by counsel for Administratrix, the trial court ruled that the Complaint was dismissed.

XXII.

Ms. Carter applied to the Louisiana Court of Appeal, Third Circuit for a Supervisory Writ, asserting, *inter alia,* fraud and a violation of her rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution as recognized in *Mennonite Board of*

*Missions v. Adams*, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983).

XXIII.

The Third Circuit denied Ms. Carter's Writ Application.

XXIV.

Ms. Carter filed an Application for Writ of Certiorari or Review with the Louisiana Supreme Court related to the Third Circuit's denial of Ms. Carter's Writ Application. The Louisiana Supreme Court denied Ms. Carter's Writ Application.

FIRST CLAIM FOR RELIEF

XXV.

Ms. Carter and Mr. Allen incorporate by reference and reallege paragraphs I - XXIV.

XXVI.

The above acts of defendants constitute fraud in that defendants suppressed the truth from Ms. Carter and Mr. Allen that Administratrix was selling Lot 11. The suppression of the truth was done to gain an advantage for defendants.

XXVII.

As a direct and proximate result of said acts, Ms. Carter and Mr. Allen have suffered, and continue to suffer, severe emotional distress, mental anguish, loss of rental income from Lot 11 and other economic damages, including, but not limited to, incurring attorney's fees and litigation costs.

SECOND CLAIM FOR RELIEF

XXVIII.

Ms. Carter and Mr. Allen incorporate by reference and reallege paragraphs I - XXIV.

## XXIX.

The above acts of defendants constitute a denial of Ms. Carter's and Mr. Allen's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## XXX.

As a direct and proximate result of said acts, Ms. Carter and Mr. Allen have suffered, and continue to suffer, severe emotional distress, mental anguish, loss of rental income from Lot 11 and other economic damages, including, but not limited to, incurring attorney's fees and litigation costs.

.

.

## PRAYER

**WHEREFORE**, Ms. Carter and Mr. Allen pray for judgment against defendants, *in solido*:

    a.    nullifying the sales of Lot 11 to Lakeland Planting Company and David Bray; and

    b.    awarding plaintiffs and the other heirs of Daisey Foster Allen and Thomas Allen, Sr. the fair market rental income on Lot 11 from the dates of the sales to Lakeland Planting Company and David Bray until the date of judgment; and

    c.    awarding plaintiffs compensatory and punitive damages; and

    d.    awarding plaintiff damages for severe emotional distress, and mental anguish; and

    e.    awarding plaintiffs reasonable attorneys' fees and costs incurred in this action; and

    f.    legal interest on all the damages prayed for above from the date of judicial

      demand until paid, and;

g.    ordering any other relief this Court deems to be just and appropriate.

JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

**F.R.C.P. Rule 4(d) Waiver of Service requested.**

                        Respectfully Submitted,

                        DANATUS N. KING & ASSOCIATES

                        /s/ Danatus N. King
                        Danatus N. King (La. Bar # 20249)
                        2475 Canal Street, Suite 308
                        New Orleans, Louisiana 70119
                        (504) 821-3221 Telephone
                        (504) 821-3131 Facsimile
                        dking@dkinglawfirm.com
                        Attorneys for Gladys Carter and Charles Allen, Sr.