b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GLADYS CARTER, ET AL.,<br>Plaintiffs | CIVIL DOCKET NO. 1:22-CV-05427 |
| VERSUS | DISTRICT JUDGE DRELL |
| LAKELAND PLANTING CO., ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are a "Motion to Dismiss for Res Judicata Under Rule 12(b)(6)" filed by Defendant David Bray ("Bray"), and a "Motion to Dismiss for Failure to State a Claim" filed by Castanna Washington ("Washington"). ECF Nos. 8, 17.

Because *res judicata* applies, Bray's and Washington's Motions to Dismiss (ECF Nos. 8, 17) should both be GRANTED and the Complaint should be DISMISSED WITH PREJUDICE.

I. Background

Plaintiffs Gladys Carter ("Carter") and Charles Allen, Sr. ("Allen") filed a Complaint against Lakeland Planting Company ("Lakeland"), Bray, and Washington (individually and as administratrix of the successions of Daisey Foster Allen and Thomas Allen, Sr.), asserting diversity jurisdiction. ECF No. 1. Carter is a citizen of Georgia, Allen is a citizen of Texas, Bray is alleged to be a citizen of Mississippi, Lakeland is alleged to be a Louisiana business entity, and Washington is alleged to

be a citizen of Louisiana.  ECF No. 1 at 2.  Plaintiffs contend Defendants committed fraud in the sale of immovable property valued at over $75,000.

Plaintiffs contend that Daisey Foster Allen and Thomas Allen were husband and wife whose joint successions owned immovable property in Concordia Parish, Louisiana ("Lot 11").  ECF No. 1 at 2-3.  Washington, Carter, Allen, Nancy Howard, and Charles Allen, Sr. are siblings and the children of the Allens.  ECF No. 1 at 3.

The Allens died intestate, and their joint successions were opened in Concordia Parish, with Washington appointed as the Administratrix.  ECF No. 1 at 3.  Plaintiffs contend that Washington sold Lot 11 to Lakeland, without an appraisal, and Lakeland then sold it to Bray.  ECF No. 1 at 3-4.  Although Washington knew how to get in touch with her siblings and was aware her siblings did not want to sell Lot 11 to Lakeland, she did not inform them of the sale.  ECF No. 1 at 3-4.

Washington contends she tried to bring her parents' joint successions to a conclusion for about 18 years, but was never able to resolve the issues between the siblings.  So, in 2016, Washington obtained authorization from the state court to enter an oil and gas lease separately, and to sell the property for an amount at or above the market value.  ECF No. 17 at 2.  Washington ran the required legal notices and received no opposition.  ECF No. 17 at 2.  In 2017, Washington filed the final proposed tableau of distribution and a Rule to Compel Heirs' Acceptance, which was signed by the state judge.  ECF No. 17 at 2-3.

After they became aware of the sale of Lot 11, Allen, Carter, Howard,[1] and Allen, Sr. filed a Complaint: seeking an accounting from Washington; alleging that Washington breached her fiduciary duty to act in the best interests of the heirs when she sold Lot 11; seeking to quiet title to Lot 11 by having the sale of Lot 11 to Lakeland quashed and having the sale of Lot 11 to Bray nullified; and requesting a declaration of ownership and possession of Lot 11 to the Decedents' heirs. ECF No. 1 at 4-5.

Bray and Lakeland filed nearly identical exceptions of no right of action, improper cumulation of actions, and nonconformity of pleadings. ECF No. 1 at 5. Those exceptions were sustained, and the actions against Bray and Lakeland were dismissed. ECF No. 1 at 5. The state court then granted Washington's motion to dismiss the complaint. ECF No. 1 at 5.

Washington, as Administratrix, deposited the proceeds from sale of Lot 11, as well as farm rents, bonuses, and delay rentals for oil and gas royalties, into the registry of the Concordia Parish Clerk of Court. ECF No. 17 at 4.

Plaintiffs next filed this action in federal court, asserting claims of fraud, and denial of due process under the Fourteenth Amendment, and seeking monetary damages, nullification of the sales of Lot 11, attorney's fees, and costs. ECF No. 1 at 6.

---

[1] The estate of Nancy Howard was later substituted. ECF No. 1 at ¶ XXI.

3

Bray and Washington filed Motions to Dismiss for Res Judicata (ECF No. 8, 17), which Plaintiffs oppose (ECF Nos. 10, 19). Though served (ECF No. 13), Lakeland has not answered.

## II. Law and Analysis

### A. The test for *res judicata*

Since a federal district court does not have appellate jurisdiction to review, modify, or nullify a final order of a state court, *res judicata* bars a party from litigating an issue in state district court, then later pursuing the issue in federal district after receiving an adverse ruling in state court, as if the state court had never addressed the issue. *See American Furniture Co., Inc. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981).

In deciding the preclusive effect of a state court judgment in federal court, the courts are guided by the full faith and credit statute, which provides that "judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738; *see also Matter of Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996). "The judgment of a state court has in a federal court only such effect as *res judicata* as is given it under the laws of the state." *Speakman v. Bernstein*, 59 F.2d 523 (5th Cir. 1932) (citing *Wright v. Georgia Railroad & Banking Co.*, 216 U. S. 420, 429 (1910)). Thus to determine the preclusive effect of a prior Louisiana court judgment, the Court must apply Louisiana law. *See*

*Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808–09 (5th Cir. 2000) (citing *Amica Mutual Insurance Co. v Moak,* 55 F.3d 1093, 1096–97 (5th Cir.1995)).

"Louisiana's *res judicata* statute provides that 'a valid and final judgment is conclusive between the same parties, except on appeal or other direct review' and that 'all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished.' La. Rev. Stat. § 13:4231(1)– (2)." *Dotson v. Atlantic Specialty Insurance Co.*, 24 F.4th 999, 1003 (5th Cir. 2022), *cert. den.,* 143 S. Ct. 102 (U.S. 2022). In other words, *res judicata* forecloses litigation of matters that (1) have previously been litigated, or (2) have never been litigated, but should have been advanced in an earlier suit. *See Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996) (citing *Langston v. Insurance Co. of North America,* 827 F.2d 1044, 1046 (5th Cir. 1987)); *see also Kelley v. Humble Independent School District*, 295 Fed. Appx. 641, 643 (5th Cir. 2008), cert. den., 556 U.S. 1246 (2009)).

"The Louisiana Supreme Court has explained that, under § 13:4231, a second action is precluded when five elements are satisfied: '(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.'" *Dotson*, 24 F.4th at 1003 (citing *Chevron U.S.A., Inc. v. State*, 993 So. 2d 187, 194 (La. 2008)).

5

"Louisiana's doctrine of *res judicata* can only be invoked if all essential elements are present and established beyond all question." *Lafreniere Park Foundation*, 221 F.3d at 809 (citing *Kelty v. Brumfield*, 93-C-1142 (La. 2/25/1994), 633 So.2d 1210, 1215).

     B.     <u>The test for *res judicata* is met in this case.</u>

The state court action was filed by four plaintiffs: Gladys Carter and Charles Allen, Sr. (the plaintiffs herein), and two additional siblings who are Louisiana residents. The parties are the same in both the state and federal cases, with the exception that the forum plaintiffs–Jimmy Allen and (the estate of) Nancy Howard– did not join in this diversity action. ECF No. 8, No. 8-1.

The same causes of action have been alleged in both the state court and this Court: for an accounting by Administratrix Washington; alleging that Administratrix Washington breached her fiduciary duty to the heirs; and to quiet title by quashing the sale of Lot 11 to Lakeland and nullifying the sale of the property to Bray. ECF No. 8-1. Therefore, the claims before this Court arise out of the same transaction or occurrence as the claims before the state court, and existed at the time of the state court action.

A court of competent jurisdiction in the Louisiana Seventh Judicial District Court, Concordia Parish, ruled in favor of Bray: dismissing all claims pertaining to Bray having to account or owing a duty to account; dismissing all claims pertaining to Bray having a fiduciary duty to the succession; and dismissing all claims pertaining to nullification or quashing of the sale to Lakeland or Bray or the quieting

of title. ECF No. 8-2. Washington contends Plaintiffs did not appeal that judgment, and it is final.

In a separate judgment, the state court also ruled in favor of Lakeland on the same claims. ECF No. 17 at 14-20. The state court: dismissed all claims pertaining to Lakeland having to account or owing a duty to account; dismissed all claims pertaining to Lakeland having a fiduciary duty to the succession; and dismissed all claims pertaining to nullification or quashing of the sale to Lakeland or Bray or the quieting of title. ECF No. 17 at 14-15. The state court also ruled in favor of Washington, denying Plaintiffs' Motion to Dismiss the Homologation of the First and Final Tableau of Distribution. ECF No. 17 at 22-23. The state court then dismissed the complaint without prejudice as to all Defendants. ECF No. 17 at 23. According to Washington, only Carter appealed that judgment, and her appeal was denied by both the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court. ECF No. 17 at 23. Accordingly, the judgments were final because they were either not appealed, or the appeal was denied.[2]

Plaintiffs contend that *res judicata* does not apply because the state court did not resolve the issues in the succession.[3] However, the only succession issues raised

---

[2] A judgment homologating a tableau of distribution may be suspensively appealed. La. C. Civ. P. art. 3308. A judgment homologating a final account is a final judgment. La. C. Civ. P. art. 3337. In this case, the state court denied Plaintiffs' Motion to Dismiss the Homologation of the First and Final Tableau of Distribution.

[3] Plaintiffs also raise alleged procedural improprieties committed in the state court which, they argue, prevented the judgments from affecting the property and deprived the state court

7

in this action, and the state court action, relate to the sale of the successions' immovable property by Washington. Those issues were addressed by the state court: when it found the Washington, as the succession representative, had followed the proper procedures to sell the succession property; when it noted the sale of the immovable property had been authorized by order of the court, which protected the purchaser; and when it found the Plaintiffs had lost their claims to the land and had no right of action and no cause of action to contest the sale of the succession property and to quiet title. ECF No. 17 at 20. The state court also denied Plaintiffs' motions to dismiss the Homologation of the First and Final Tableau of Distribution. Thus, the state court found Washington had not acted improperly in her sale of the succession property pursuant to the court's order.

Because the state court settled the issues as to the sale of the property and the propriety of Washington's actions in selling the property in its final judgments, *res judicata* applies.

---

of jurisdiction. However, none of the judgments affected the property. As the Reasons for Judgment stated, the heirs now own the money paid for the property instead of the property itself. Therefore, the judgment did not need to describe the property with particularity. ECF No. 17 at 20. Moreover, as the state court explained, any amendments to the Complaint by the Plaintiffs to correct the errors in their Complaint (improper cumulation of proceedings and failure to properly sign the complaint) would be moot because all of their claims were dismissed. ECF No. 8-2; No. 17 at 14.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Bray's and Washington's Motions to Dismiss for Res Judicata (ECF Nos. 8, 17) both be GRANTED, and that Plaintiffs' action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of January 2024.

Joseph H.L. Perez-Montes
United States Magistrate Judge